UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEANN K. GROVE,

    Plaintiff,

v.                                     Case No:   6:16-cv-1460-Orl-40TBS

CALIBER HOME LOANS, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant Caliber Home Loans, Inc.'s Amended Motion to Stay Discovery, Case Management Reporting, and Initial Disclosure Obligations (Doc. 33). Defendant seeks a stay of the case management report process, the parties' initial disclosures, and all discovery pending a decision on its motion to dismiss at docket entry 31. It argues that the motion is dispositive and if granted, will moot all discovery and discovery related activities (Id., at 1). Plaintiff has filed a response in opposition to the motion (Doc. 36).

District courts have inherent power to control their dockets and manage their cases. Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009); Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014). This includes the discretionary power to enter a stay of the proceedings. Andersons, 2014 WL 4059886 at * 2; In re. Colonial Bancgroup, Inc. v. Sec. Litig., Civil Action No. 2:09cv104-MHT, 2010 WL 119290, at *1 (M.D. Ala. Jan 7, 2010). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which

impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Kron Med. Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C. 1988)). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." Feldman, 176 F.R.D. at 652 (citing Howard v. Galesi, 652 F.R.D. 348 (S.D.N.Y. 1985)).

The judges in this district have advised litigants that "the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2015) at 5.[1] "Such motions for stay are rarely granted." Id. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Holsapple v. Strong Indus., Inc., No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (quoting Feldman, 176 F.R.D. at 652). In balancing the harm produced by a stay of discovery against the possibility that a dispositive motion to dismiss will be granted, the Court should take a preliminary peek at the merits of the motion to dismiss to see whether there is "an immediate and clear possibility that the motion[ ] to dismiss will be granted and that this will terminate the action." Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988); see Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-09-T-17EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009).

Plaintiff brings this putative class action on behalf of herself and other similarly situated persons (Doc. 28). She alleges that Defendant, a mortgage home loan servicer,

---

[1] The Court has adopted certain rules, practices, and procedures that are embodied in the Local Rules and the district's discovery handbook.

violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692-1692p, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.201 by receiving a share of the fees paid by mortgagors when they make mortgage payments over the phone, through Defendant's website, or by using Western Union (Id., ¶ 13). Plaintiff alleges that these fees are not expressly authorized by her mortgage contract or permitted by state or federal law (Id., ¶ 17). She also alleges that Defendant concealed the nature of the fees from its customers and never acknowledged that it was receiving a portion of the fees (Id., ¶ 21). Plaintiff complains that this conduct violates 15 U.S.C. § 1692f(1) which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (Id., ¶ 41). Plaintiff contends that Defendant's violation of the FDCPA also constitutes a violation of the FDUTPA (Doc. 35 at 16-17).

In its motion to dismiss, Defendant notes that the only fees Plaintiff paid were to Western Union when she made two mortgage payments (Doc. 28, ¶ 14). Consequently, Defendant argues that Plaintiff lacks standing to bring claims based upon payments made to it over the telephone or through its website (Doc. 31 at 8). Should the district judge agree, this argument is not case dispositive.

Defendant seeks dismissal on the ground that the FDCPA only applies to collection activity, which is nonexistent when a customer voluntarily chooses to pay a disclosed fee to utilize one method of payment in lieu of other available, no fee options (Id., at 8-13). Defendant also notes that here, it made no demand for payment (Id.). The Eleventh Circuit has not ruled on the issue presented. But, Plaintiff argues that the greater weight of authority from other jurisdictions supports her FDCPA claim (Doc. 35 at 4-15).

She cites: Acosta v. Credit Bureau of Napa Cty., Case No. 14 C 8198, 2015 WL 1943244, at *2-3 (N.D. Ill. April 29, 2015); Lindblom v. Santander Consumer USA, Inc., 1:15-cv-990-LJO-BAM, 2016 WL 2841495 (E.D. Cal. May 9, 2016); Muhammad v. PNC Bank, N.A., CIVIL ACTION NO. 2:15-cv-16190, 2016 WL 815289 (S.D.W. Va. Feb. 29, 2016); Wittman v. CB1, Inc., CV 15-105-BLG-SPW-CSO, 2016 WL 1411348 (D. Mont. Apr. 8, 2016); Weast v. Rockport Fin., LLC, 115 F. Supp. 3d 1018 (E.D. Mo. 2015); and Shami v. Nat'l Enter. Sys., No. 09-CV-722 (RRM)(VVP), 2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010).

Defendant acknowledges these cases but argues they were wrongly decided and do not withstand scrutiny (Doc. 31 at 18-22). According to Defendant, the cases Plaintiff relies on "are built—directly or indirectly—on mistaken interpretations, mischaracterizations, and improvident expansions of" the decisions in Lee v. Main Accounts, Inc., 125 F.3d 855 (6th Cir. 1997) (affirming dismissal of a § 1692f(1) claim based on a 5% processing fee charged if the consumer opted to pay by credit card); Lewis v. ACB Bus. Servs., Inc., 911 F. Supp. 290 (S.D. Ohio 1996) (dismissing after trial, a § 1692f(1) claim based on a processing fee charged if the consumer opted to pay a debt by credit card); and Longo v. Law Offices of Gerald E. Moore & Assocs., P.C., No. 04-CV-5759, ECF No. 29 (N.D. Ill. Feb 3, 2005) (denying a motion to dismiss a § 1692f(1) claim based on a collection letter specifying a processing fee for payments made by phone when the letter failed to list any other payment options). In view of the legal authority which supports Plaintiff's poistion, the Court is not persuaded that there is "an immediate and clear possibility that the motion[ ] to dismiss will be granted and that this will terminate the action." Simpson, 121 F.R.D. at 263.

Defendant has moved to dismiss the FDUPTA claim on the ground that debt

collection is not trade or commerce and Plaintiff has not shown that her alleged damages were caused by a deceptive act (Doc. 35 at 13-15). Plaintiff contends that "a per se violation of FDUPTA is established by the violation of any rule promulgated pursuant to the Federal Trade Commission Act, and by the violation of any statute, rule, or regulation proscribing unfair or deceptive practices." Le Macaron, LLC v. Le Macaron Dev. LLC, 2016 WL 6211718 at *5 (M.D. Fla. Oct. 24, 2016). Based on this decision, Plaintiff argues that Defendant's violation of the FDCPA constitutes a per se violation of the FDUTPA (Doc. 35 at 16-17). If the district judge agrees with Defendant, this argument will not dispose of the entire case.

Defendant seeks dismissal on the ground that the fees charged are authorized by the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. (Doc. 31 at 22-24). However, Defendant does not provide case law in support of this argument. Plaintiff counters that the EFTA does not anticipate or authorize debt collectors to receive or retain fees charged by others (Doc. 35 at 16). This Court cannot predict how the district judge will construe the EFTA or if the district judge will dispose of the case on this basis given the lack of a fully developed record.

Defendant's final argument is that under the freedom to contract guaranteed by the United States and Florida Constitutions, it and its customers have the right to enter into arms-length agreements modifying their existing contracts to provide for new, different payment options (Doc. 31 at 23-24). Plaintiff notes that the freedom to contract "is a qualified, and not absolute right," and that not every contract is legal (Doc. 35 at 14-15). Plaintiff also notes that in her amended complaint she alleges that Defendant failed to disclose that it received a portion of the money she paid Western Union to deliver her mortgage payments (Id., at 15). The Court finds it unlikely, particularly in the absence of a

more fully developed record, that the district judge will dismiss the case with prejudice on this ground.

Staying the case now means putting it in a holding pattern until the district judge rules on the motion to dismiss. When that decision comes, and what it will be are both unknown. The benefit to Defendant if the stay is granted is that it might (there is no guarantee), avoid incurring the legal expense and distraction that come with engaging in case management and discovery. On the other hand, postponing case management and discovery for an unknown length of time based solely on a possible outcome which seems unlikely, will frustrate Plaintiff's prosecution of her claims and otherwise delay the just and speedy resolution of this action. Moreover, as the Feldman court noted, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." 176 F.R.D. at 652 (citing Kron, 119 F.R.D. at 636).

After weighing the parties' competing interests, the Court finds that Defendant has not met its "burden of showing good cause and reasonableness" for the requested stay and therefore, the motion is **DENIED**. See Feldman, 176 F.R.D. at 652 (citing Howard, 652 F.R.D. at 348).

**DONE** and **ORDERED** in Orlando, Florida on December 23, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record